IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMELIA A. BAXLEY, *et al.*, ) | CASE NO.  4:04CV1600 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Judge John M. Manos |
| ) | |
| DELTA AIRLINES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | ORDER |

On April 29, 2005, the Court dismissed this action pursuant to Fed. R. Civ. P. 12(b)(6). On May 4, 2005, the Plaintiffs filed a Motion To Alter or Amend the Judgment pursuant to Fed. R. Civ. P. 59(e) (Docket No. 26).  The Defendants have responded by letter.  For the following reasons, the motion is DENIED.

Shortly after this action was filed, the parties informed the Court that this action was being considered for transfer and consolidation in another district pursuant to the multi-district litigation ("MDL") procedures.  The Defendants were objecting to such consolidation before the MDL panel. On December 7, 2004, the Court denied the Plaintiffs' motion to stay proceedings pending a ruling by the MDL panel as to the appropriateness of a transfer.

On April 29, 2005, the Court granted the Defendants' motion to dismiss.  In the current motion, the Plaintiffs indicate that on February 17, 2005, the MDL panel ordered that this action be transferred.  Before now, however, this Court was never informed of the MDL panel's decision, neither

by the MDL panel nor by any party to this case. On May 3, 2005, after this Court's dismissal, the transfer order was docketed in the Northern District of California, the purported transferee court. On May 4, 2005, the Plaintiffs filed the current motion.

The Plaintiffs argue that in view of the MDL panel order of Febraury 17, 2005, this Court lacked jurisdiction to rule on the Defendants' motion to dismiss. The Defendants respond that jurisdiction was not divested from this Court until May 3, 2005, when the MDL order was docketed in the transferee court. Accordingly, they argue that this Court had jurisdiction to rule on the motion to dismiss, but now lacks jurisdiction to reconsider the dismissal as sought in the Plaintiffs' current motion.

The MDL rules provide in relevant part:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and <u>does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district</u>.

MDL Rule 1.5 (emphasis added).

> Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

MDL Rule 1.6.

The plain language of MDL Rule 1.5 provides that prior to an actual transfer, the pendency of MDL proceedings does not affect or limit the jurisdiction of the original district court. In addition, the transfer is not effective until the MDL transfer order is filed in the transferee district court.

-2-

Here, although the MDL decision came down on February 17, 2005, the transfer order was not docketed in the transferee court until May 3, 2005. May 3, 2005, therefore, is the date upon which this Court was divested of jurisdiction. Accordingly, the Defendants are correct. On April 29, 2005, this Court had jurisdiction to rule on the motion to dismiss, but now lacks jurisdiction to reconsider the dismissal as requested by the Plaintiffs.

As stated above, this Court was never informed of the MDL panel's decision prior to the current motion, either formally or informally, not even by the Plaintiffs who favor the transfer. Under MDL Rule 1.6, the MDL order is to be filed in the transferee court, which then notifies the transferor court. No explanation is provided as to why it took two and a half months to file the MDL order in the transferee court. In any event, pursuant to the plain language of the rules, this Court had jurisdiction on April 29, 2005.

For the foregoing reasons, the Plaintiffs' Motion To Alter or Amend the Judgment (Docket No. 26) is DENIED.[1]

IT IS SO ORDERED.

Issued: May 20, 2005              s/ John M. Manos
                                                          UNITED STATES DISTRICT JUDGE

---

[1] As is apparent from the rules, the Plaintiffs are not without recourse. MDL Rule 1.6(b) contemplates the transfer of cases even on appeal. The Plaintiffs can still appeal on the merits. In addition, the Defendants do not cite any authority that precludes the transferee court from reconsidering the merits of this Court's dismissal. At this point, however, matters of reconsideration and/or relief from judgment are more appropriately directed to the transferee court.